IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 10-40031-JAR |
| | ) |
| JOSEPH C. DONOHUE | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

## ORDER

This matter is before the Court on movant Farmers State Bank's ("Farmers") Motion to Amend/Correct (Doc. 49), the Court's July 1, 2011 Order granting Lyons State Bank's ("Lyons") motion to modify the restitution amounts ordered by the Court at defendant Joseph Donohue's sentencing hearing and in the Judgment.

The Judgment in this case ordered restitution as follows: $7,570,178.35 to Lyons; $989,964.21 to Farmers; and $2,338,516.17 to F&M Bank ("F&M"). In its motion to modify, Lyons State Bank asked the Court to modify its restitution order to the three restitution payees, based on settlements and confidential settlements that have been entered into by these parties since the Judgment was entered. Lyons State Bank proposed a modified restitution order that reduces the total restitution amount from $10,898,558.73 to $8,230,216.21. Lyons State Bank further asked the Court to modify the allocation of this total loss as follows: 61% to Lyons State Bank, 11% to Farmer's State Bank, and 28% to F&M Bank.

Farmer's State Bank responded, opposing the modification proposed by Lyons State

Bank. Farmer's State Bank argued that 11% was an incorrect allocation based on the information before it. The Court understood that Farmer's was not able to verify that the proposed modification percentages were correct, given the confidential nature of some of the settlements. Therefore, the Court ordered Lyons to produce documentation of these settlements for *in camera* review. The Court understood, based on Lyons representations, that these settlement amounts had not been taken into account by the Probation Officer who prepared the presentence investigation report. After verifying the restitution amounts, the Court determined that the percentages should be adjusted to be more precise, but otherwise granted the motion.

In the instant motion, Farmers argues that the $70,000 settlement between Farmers and Lyons, that Lyons relied upon in part to reduce the total restitution amount in its motion to modify, was entered into prior to the presentence report investigation and, therefore, was already taken into account in the original restitution amounts calculated in the report, and adopted by the Court in its Judgment. Farmers argues that Lyons' proposed allocation reduces its loss amount by $70,000 for a second time. Lyons responds that "Farmers State Bank offers no explanation as to how the $70,000 paid to it by Lyons State Bank in October 2009 was considered to reduce the amount of its losses prior to July 1, 2011 so that the result would be, as it argues, $989,964.21."

The Court has reviewed the parties' submissions and has consulted with the United States Probation Office in this matter. The Probation Officer's records make clear that the $70,000 settlement between Farmers and Lyons was indeed taken into account when he originally calculated Farmers' losses in the presentence investigation report. Therefore, Farmers is correct that its loss amount should not be decreased by this amount a second time. This settlement occurred in October 2009, months before the report was prepared on April 24, 2010. Lyons fails

to explain why this particular settlement should be applied one year after the Judgment, especially given that it was already applied to Farmers' loss amount.  Nor does Lyons submit any proof that this settlement was not previously considered when the Probation Officer calculated Lyons' loss.

Given that this settlement agreement was improperly considered by the Court in reducing Farmers' loss amount, the Court concludes that its July 1, 2011 Order modifying restitution losses and allocation should be vacated.  The Court will consider a renewed motion to the extent it seeks to modify restitution amounts based on settlements that occurred after the Judgment was entered in this matter.  The movants are strongly urged to meet and confer and submit an agreed motion to modify the restitution amounts and allocation.  To the extent Lyons maintains that certain losses were not properly accounted for by the Probation Officer when the presentence investigation report was prepared, it should submit proof that such amounts were not provided to him nor taken into account during that investigation.

**IT IS THEREFORE ORDERED BY THE COURT** that movant Farmers State Bank's ("Farmers") Motion to Amend/Correct (Doc. 49) is **granted**.  **The Court's July 1, 2011 Order granting Lyons' Motion for Modification (Doc. 48) is vacated**.

Dated: <u>August 1, 2011</u>

                             S/ Julie A. Robinson  
                            JULIE A. ROBINSON  
                            UNITED STATES DISTRICT JUDGE